## LONE STAR ICE CO. v. EVERETT et ux.
### No. 9475.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 12, 1934.

R. H. Mercer, of San Antonio, for appellant.

Augustus McCloskey, of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted in county court at law No. 1, Bexar county, by appellees, Percy Everett and his wife, Mrs. Effie Everett, against appellant, Lone Star Ice Company, to recover damages alleged to have been sustained by Mrs. Everett when her automobile collided with an ice wagon owned and used by appellant.

The trial was to a jury and resulted in judgment for appellees in the sum of $200.

Appellees have filed a motion to dismiss this appeal for want of jurisdiction in this court, based upon the proposition that the record does not show that notice of appeal, as required by law, was given by appellant in the court below.

■ The order of the trial court overruling appellant's first amended motion for a new trial reads as follows: "On this, the 22nd day of December, A. D. 1933, at a regular term of this Court came on to be heard in this case the motion of the defendant, Lone Star Ice Company, for a new trial in the above entitled 'and numbered cause and such motion having been presented to the Court in due time, manner and form and with due notice, and it appearing to the Court that the original motion of the defendant was filed within two days after a judgment was entered by the Court and that an amended motion was filed on the 22nd day of December, A. D. 1933, the same term the case was tried and such amended motion having been presented and after argument of the counsel, the Court being of the opinion that such motion should be overruled, it is accordingly adjudged and decreed that same be and it is hereby overruled, to which action and ruling of the Court the defendant, Maryland Casualty Company, then and there in open Court excepted; and it then and there in open Court gave notice of appeal to the Court of Civil Appeals for the Fourth Supreme Judicial District sitting at San Antonio, Texas. And the defendant is hereby granted 50 days after adjournment of this Court in which to file its Bills of Exceptions and statement of facts herein."

It is apparent that, if the words "Maryland Casualty Company" had not been inserted in this order, the notice of appeal would have been sufficient. It is further apparent, from the order itself and from affidavits before us, that these three words were inserted in this order as the result of a clerical error. It further appears that, as a matter of fact, the actual and only defendant in the case, the Lone Star Ice Company, gave notice of appeal, as required by law. The words "Maryland Casualty Company" will be treated as surplusage in the order, and, when this is done, the record shows a proper notice of appeal. Appellees' motion to dismiss this appeal will be in all things overruled.

It appears that the judgment herein rendered for the sum of $200 was based upon the finding of the jury that Mrs. Everett had sustained personal injuries, which caused damage amounting to the sum of $125, and a further finding that it had become necessary to employ domestic help after Mrs. Everett's injuries, at a cost of $50, and that medicine and doctor's treatment amounted to $25.

There is absolutely no proof in the record which would justify a recovery of the $50 or the $25 item, and the trial judge committed error in submitting these items to the jury.

Appellant next complains that the trial court committed error in submitting question No. 3 to the jury, in that same, as submitted, constitutes a charge upon the weight of the testimony. Question No. 3, reads as follows: "Do you find from a preponderance of the evidence that the driver of said wagon was negligent in leaving said team untied or unfastened? Answer 'Yes' or 'No.'"

It is clear that in submitting this question to the jury the trial court assumed that the team was left untied or unfastened. There was a conflict of evidence upon this point, and the trial judge should have first submitted to the jury the question as to whether or not the team was left untied or unfastened, before asking whether or not such act constituted negligence on the part of the driver of the team. The question as worded was upon the weight of the evidence, in that it presumed that the team was left untied or unfastened.

The judgment of the trial court will be reversed, and the cause remanded.