ALLAN CONSTRUCTION COMPANY, Inc., Appellant,

v.

Florencio SOLIZ, Appellee.

No. 11544.

Court of Civil Appeals of Texas.

Austin.

Nov. 15, 1967.

Rehearing Denied Dec. 6, 1967.

L. W. Anderson, Dallas, for appellant.

E. B. Fuller, Austin, for appellee.

PHILLIPS, Chief Justice.

This is a plea of privilege case in which appellee, plaintiff below, and a resident of Travis County, brought suit against two defendants, Allen & Heidt, Inc., a corporation with its place of business in Travis County and Allan Construction Co., Inc., a corporation with its principal place of business in Bexar County, Texas. Allan Construction Company, Inc. is the appellant here.

Appellee filed his suit in Travis County, Texas. The appellant, Allan Construction Company, Inc. filed its plea of privilege to be sued in the county of its principal place of business, Bexar County, Texas. Appellee then filed his controverting plea alleging that venue could be maintained in Travis County, Texas under Tex.Rev.Civ. Ann. art. 1995, Sec. 4 and also under section 23 of this same article. The trial court overruled appellant's plea.

We reverse this judgment and render the cause as hereinafter described.

Some two months prior to the accident in question, Allen and Heidt, Inc. loaned Allan Construction Co., Inc. an asphalt tank to be used in the vicinity of Rusk, Texas. Allen & Heidt, Inc. instructed the appellee, who was an employee of Machinery Haulers, Inc. of Travis County, Texas, to go by and check the tank and return it to Austin. Allen & Heidt, Inc. further told appellee not to move the tank if any asphalt remained in the tank. He was cautioned by Allen & Heidt about moving the tank if there was asphalt in it and that he would have to call someone to get the asphalt out before he could move the tank. This procedure is in conformity with the regulations

of the Texas Railroad Commission. In this connection, it should be pointed out that the evidence discloses that appellee was in the business of hauling tanks, had handled asphalt tanks in the past and in fact had moved the very tank in question in several instances in the past.

Appellee called for the tank at 2 a. m. on a July morning and testified that in checking the tank for asphalt he climbed on top of it and hit the outside of the lid with an iron bar and that the tank exploded. He could not remember if the top of the tank was opened when the accident occurred. There was a spigot on the tank through which the contents could have been checked or appellee could have tapped the sides of the tank with something to ascertain whether the sound indicated that asphalt remained therein.

After the court's ruling, appellant filed its request for Findings of Fact and Conclusions of Law. In its conclusion of law the court found that the appellee "made out a prima facie case against the defendant Allen & Heidt, Inc., and defendant Allan Construction Company, Inc. is a proper party defendant in this suit within said Subdivision 4, Article 1995."

Appellant is before this Court on seven points of error,[1] the principal basis of which is that nowhere did the Court's Conclusions of Law state that a prima facie case was made out against the appellant Allan Construction Company, Inc., as required by Tex.Rev.Civ.Stat.Ann. art. 1995, Subdivision 4 or Subdivision 23. Nowhere in the trial court's Findings of Fact[2] does the court find that either defendants below

1. Appellant's points of error are as follows:

"(1) The trial court erred in stating in the conclusion of law that a prima facie case had been proved against the resident defendant, Allen & Heidt, Inc., so as to establish venue against Allan Construction Company, Inc., under Article 1995, Section 4, when there was no evidence or finding to support the same; (2) the trial court erred in stating in the conclusion of law that venue was proper against Allan Construction Company, Inc., under Article 1995, Section 23, merely because it had a representative for eighteen (18) months prior to the hearing when this is insufficient as a matter of law, because in addition thereto, the prima facie case must be proved against Allan Construction Company, Inc.; (3) the trial court erred in stating in the conclusion of law that venue was proper against Allan Construction Company, Inc., under Article 1995, Section 23, when there was no conclusion of law, finding of facts, or evidence that the prima facie case had been proved against Allan Construction Company, Inc.; (4) the trial court erred in holding that there was a prima facie case made out against the defendant, Allen & Heidt, Inc., so as to hold venue under Article 1995, Section 4, when there was no finding of fact that such defendant or its agents, servants or employees were negligent, and their negligence was a proximate cause of the accident; (5) the

trial court erred in holding that there was venue as to the defendant, Allan Construction Company, Inc., under Article 1995, Section 23, when there was no finding of fact that Allan Construction Company, Inc. or its agents, servants and employees were guilty of any act toward the plaintiff, or that such an act was negligence and a proximate cause of the accident; (6) an act of negligence on the part of either defendant, Allen & Heidt, Inc., or Allan Construction Company, Inc., could not be deemed found as an admitted finding, because: A. No element of negligence is found in the finding of facts. B. The evidence presented in the trial court does not support the finding of negligence; (7) the defendant, Allan Construction Company, Inc., did not waive its right to complain about the findings of fact by not requesting additional findings, since the evidence would not support such an additional finding of negligence and (8) the action of the plaintiff in striking the tank with an iron bar constituted an act which was not reasonably foreseeable and accordingly, the trial court erred in holding venue under either Section 4, or Section 23, of Article 1995."

2. The court's findings of fact 3 and 4 are as follows:
"3. At some time prior to July 19, 1965, Allan Construction Company, Inc., had ceased having a need for the tank and had advised Allen & Heidt, Inc., of this

were guilty of negligence and the remaining attendant elements necessary to fix liability.

Appellee alleges in his petition that appellant was negligent in improperly maintaining the asphalt tank in question; in so handling the asphalt tank as to leave it in a position where it could not adequately and properly be examined, moved or transported; in leaving a quantity of their asphalt material in the tank, sealed, so that an explosion could occur under the proper circumstances; in not leaving the top or lid off of the tank so that the explosive mixture inside the tank could evaporate, leaving it in an inert condition.

■ No evidence was introduced by appellee that appellant was guilty of negligence in improperly maintaining the asphalt tank or handling the asphalt tank as to leave it in a position where it could not adequately and properly be examined, moved or transported. This testimony is inadequate to show any negligence on the part of the appellant. Appellee must show what constituted negligence in support of his allegations in order to make a prima facie case required by the exceptions to the statute. The findings of fact filed by the trial court did not find any negligence or proximate cause on the part of either company in maintaining the asphalt tank or with respect to Allen & Heidt, Inc. in connection with the warning.

Further, no evidence was introduced to show that appellant was negligent in keeping asphalt in an asphalt tank or in leaving the lid of the asphalt tank on the tank. Neither did appellee bring forth evidence which would have shown that appellant had a duty to keep a guard at the tank or that there was any duty on the part of Allen & Heidt, Inc. to warn a person in the

business of moving asphalt tanks of their inherent danger. See Durham v. Fort Worth Tent & Awning Company, Inc., 271 S.W.2d 181 (Tex.Civ.App.Fort Worth 1954, writ dism'd.)

Nowhere in the trial court's Findings of Fact does the trial court find that either defendant was guilty of negligence or any act to support such a finding.

■ Where an appropriate request for a statement of findings and conclusions has been made, findings on every material issue must be prepared and filed by the Judge. Treadaway v. Hodges, 125 S.W.2d 385 (Tex.Civ.App.Amarillo 1939, no writ). Also Tex.R.Civ.P. 299 is authority for this point, wherein it is stated as follows:

"Where findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. The judgment may *not* be supported upon appeal by a presumption of finding upon any ground of recovery or defense, no element of which has been found by the trial court * * *." (Emphasis added.)

■ It is necessary that there be a finding of fact on each and every essential ultimate fact which is controlling in the lawsuit. As stated in the case of Mayor v. Breeding, 24 S.W.2d 542 (Tex.Civ.App. San Antonio 1930, writ ref'd), it was held as follows:

"* * * It was an ultimate and controlling fact, which will not be resolved by presumption in support of the judgment, as would evidentiary facts merely incidental to ultimate issues. It constituted an independent, and, as it proved to be, the sole, ground upon which appellees

fact. A duly authorized representative of Allen & Heidt, Inc., spoke to the plaintiff as a representative of Machinery Haulers Inc. and asked him to make arrangements for the tank to be brought back to Austin by Machinery Haulers, Inc. This information was imparted to Supervisory Personel of Machinery Haul-

ers, Inc. by the plaintiff; 4. Mr. Allen of Allen & Heidt, Inc., acting within the scope of his employment, personally instructed the plaintiff to examine the tank to be sure that it was empty of asphalt, but did not warn plaintiff of any danger in so doing."

could have recovered. The burden of eliciting a finding thereon was upon appellees, who, in the absence of such finding or a request therefor, will be held to have abandoned that ground of recovery. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W. 2d 1084. Therefore, in the absence of such finding, the court erred in rendering judgment in favor of appellees for the land, and, the error being apparent upon the face of the record, and going to the very foundation of the case, it is obviously fundamental, and must be noticed, although not specifically urged by appellant. The judgment must be accordingly reversed."

Also see: Hanover Insurance Co. v. Sonfield, 386 S.W.2d 160 (Tex.Civ.App.Houston 1965, no writ).

Appellant timely filed its request for findings and conclusions and thus was entitled to findings on every essential fact. Appellant was entitled for the trial court to make findings on every ultimate issue, in this case, including negligence and proximate cause on the part of the defendants, which would support the judgments rendered.

 Before either of the two companies involved here can be held liable, it is indispensable to show not only that they were negligent, but also that their negligence was the proximate cause of the injuries complained of. In the absence of either of these elements against them, Allan Construction Company, Inc., is entitled to have the plea of privilege sustained. 40 Tex.Jur.2d, Findings of Negligence, in General, Section 188, pp. 757–759. In Findings of Fact Number Four, the court stated that the defendant did not warn plaintiff of any danger in examining the tank. There was no finding that this act was negligence or that this act was the proximate cause of the injuries sustained, which are ultimate and necessary findings.

The evidence itself will not support these omitted findings even had they been made.

Allied Building Credits, Inc. v. Grogan Builders Supply Co., 365 S.W.2d 692 (Tex. Civ.App.Houston 1963, writ ref'd n. r. e.).

When the trial court merely stated its conclusion of law that a prima facie case was made out against the resident appellant such was insufficient. 57 Tex.Jur. 2d, Trial, Sec. 591.

The judgment of the trial court is reversed and judgment is here rendered that the plea of privilege of the appellant Allan Construction Company, Inc., be sustained and this cause, as to it, be transferred to the District Court of Bexar County, Texas.

Reversed and rendered.