Harold PHELAN, M. F. Guetersloh and the M. F. Guetersloh and wife, Emma Guetersloh Trust, Appellants,

v.

W. T. SETTLE, Appellee.

No. 7901.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 27, 1969.

Rehearing Denied March 10, 1969.

Kiser & Hook, Levelland, for appellants.

W. Hugh Harrell, Lubbock, for appellee.

NORTHCUTT, Justice.

On May 11, 1964, the First National Bank of Levelland, Texas and Marilyn Guetersloh Phelan, as Trustees under Trust Agreement with M. F. Guetersloh and wife, Emma Guetersloh, as sellers, and Oby D. Scott, as purchaser, made and entered into a contract of sale in which sellers contracted to sell a labor of land to the purchaser and the purchaser agreed to buy. The Trust instrument is not shown and we are not informed of its contents. The consideration agreed to be paid for the land was the total sum of $97,405.00 payable as follows: $20,000.00 cash down payment and $77,405.00 payable in 20 equal annual installments of $3,870.25 plus accrued interest. On May 25, 1964, these same parties, except the party signing for the bank as Trustees, entered into a supplemental contract as follows:

"To be attached to Contract between the undersigned parties dated May 14, 1964.

Whereas, Parties hereto have on May 14, 1964 entered into a contract for the sale and purchase of certain lands described in such contract, do further agree, as a part of the consideration of such contract as follows:

That in consideration of $10.00 paid to purchaser by Seller, and for the convey-

ance of said lands described in said contract between the parties hereto, Purchaser herewith deposits the sum of $20,000.00 with Harold Phelan, who has agreed to and shall, if Sellers perform or are made to perform this contract or if purchaser alone defaults, pay such sum to the sellers as a part of the purchase money for such land, but otherwise return the same to purchaser.

In the event that this contract is not performed by purchaser, he being in default, and sellers not being in default, sellers shall have the right to be paid the cash payment above described as damages, such sum being agreed upon as liquidated damages because of the inconvenience of ascertaining the actual damages and the uncertainty thereof; and no other damages, rights, or remedies shall in any case be collectable, enforceable, or available to sellers than in this paragraph defined, but sellers shall be duty-bound to accept and take the said cash payment as their total damages and relief."

On March 31, 1965, Oby D. Scott transferred all of his interest in said contract and supplement above set out to W. T. Settle.

On May 11, 1964, Oby D. Scott and M. F. Guetersloh made and entered into a construction contract whereby Scott agreed to build a gin for Guetersloh for the total consideration of $114,719.44, said consideration to be paid as follows:

"Article 4. Progress Payments—The Owner shall make payments on account of the contract, upon requisition by the Contractor, as follows: Seventy-five per cent of invoice prices as delivered and constructed on the premises.

Article 5. Acceptance and Final Payment—Final payment shall be due Ten (10) days after completion of the work, provided the contract be then fully performed subject to the provisions of Article 13 of the General Conditions."

Article 13 reads as follows:

"Article 13. Liens—The final payment shall not be due until the Contractor has delivered to the Owner a complete release of all liens arising out of this contract, or receipts in full covering all labor and materials for which a lien could be filed, or a bond satisfactory to the Owner indemnifying him against any lien."

M. F. Guetersloh testified he gave the check here in question for the amount of $20,000.00 as a down payment on the contract for the building of the gin here involved. Instead of depositing the $20,000.-00 with Harold Phelan, as specified in the supplemental contract, Scott endorsed the $20,000.00 check given to him by Guetersloh as down payment on the gin contract, and delivered it to Phelan as a down payment to be applied on the purchase of the land, and escrow amount of $20,000.00 under the supplemental contract of sale. Phelan did not cash the check but kept the same and after the suit was filed he delivered the check to the District Clerk. The clerk deposited the check for "deposit only" but Guetersloh had stopped payment of the check on 2–11–66 and the check has never been paid.

W. T. Settle brought this suit, as plaintiff, against Harold Phelan, Marilyn G. Phelan, as Trustee under a Trust Agreement with M. F. Guetersloh and wife, Emma Guetersloh and the Trust as defendants to recover under the contract and supplement of sale of the land in question that was transferred to him by Oby D. Scott.

The plaintiff alleged, among other allegations, M. F. Guetersloh was the agent, or apparent agent, or agent by estoppel of the Trustees, Marilyn Guetersloh Phelan, Harold Phelan and/or Trust and Trust Agreement with M. F. Guetersloh and wife, Emma Guetersloh, and caused the plaintiff to rely upon his statements as representing he was acting for and upon behalf of the defendants, and that he was acting with express authority and/or im-

plied authority for the defendants. Plaintiff further contends the sale as provided by the contract and supplement was never completed because of there being a lien against the land, together with other land, which was in excess of the price the plaintiff was paying for the land here involved, and that defendants were unable to secure a release of such indebtedness and thereby were unable to deliver a clear title to the land, further contending defendants required that plaintiff secure such release. The plaintiff then alleges his right to recover the $20,000.00 under the check and unlawful stoppage by M. F. Guetersloh of payment of said check.

The case was tried to a jury upon special issues. In answer to the special issues the jury found as follows:

"No. 1—that Mr. M. F. Guetersloh on or about May 1, 1965, had the implied authority to act for the Trust and/or trustee;

No. 2—that Mr. M. F. Guetersloh on or about May 1, 1965, had the apparent authority to act for the Trust and/or Trustee;

No. 3—that on or about May 1, 1965, when W. T. Settle talked with M. F. Guetersloh, Sr., that W. T. Settle, believed that M. F. Guetersloh, Sr., had the authority to speak for the Trust in question;

No. 4—that M. F. Guetersloh, Sr., told W. T. Settle that he (Settle) would have to obtain the Release of the lien from Kansas Life Insurance Co.;

No. 5—that W. T. Settle relied upon what M. F. Guetersloh told W. T. Settle that he (Settle) would have to obtain a Release of the lien from Kansas City Life Insurance Co.;

No. 6—that the Trust, being the M. F. Guetersloh and Emma Guetersloh Trust, dated October 14, 1961, was willing to accept W. T. Settle as the Purchaser on

or about May 1, 1965, under the terms of the purchase;

No. 7—that the M. F. Guetersloh and wife, Emma Guetersloh Trust, dated October 14, 1961, upon being willing to accept W. T. Settle as the Purchaser on or about May 1, 1965, under the terms of the Purchase, did not thereafter secure a Release of the lien held by the Kansas City Life Insurance Co.;

No. 8—that W. T. Settle did not so decide not to perform the obligations of the contract between Obie (Oby) Scott and the Trust solely because of the discovery of misstatements, if any, made to him by Obie (Oby) Scott;

No. 9—that the Defendant Trust did not tell Plaintiff, W. T. Settle, in clear, positive, and unequivocal language that it would not be able to obtain a release of lien from Kansas City Life Insurance Co.;

No. 10—that Obie (Oby) Scott and the Defendant Trust, prior to January 1, 1965, did orally mutually agree to extend the date of the closing of their contract to a time subsequent to January 1, 1965;

No. 11—that the Plaintiff, W. T. Settle, was willing to accept all of the obligations of Obie (Oby) Scott as per the contract between Obie (Oby D.) Scott and the Defendant Trust;

No. 12—that the Plaintiff, W. T. Settle, would have closed the contract of sale between Obie (Oby D.) Scott and the Defendant Trust, if the Defendant Trust had obtained a release of lien from Kansas City Life Insurance Co.;

No. 13—that the Defendant Trust, within a reasonable time after May 1, 1965, was not ready, willing and able to perform its obligations under the contract between Obie (Oby D.) Scott and the Defendant Trust;

No. 14—that the Defendant Trust was not ready, willing and able to perform

and close the contract in question on September 22, 1965;

No. 15—was not answered wherein it was inquired as to whether W. T. Settle failed and refused to close the contract in question within thirty days after September 22, 1965;"

Judgment was granted that the plaintiff recover of and from defendants, the M. F. Guetersloh and wife, Emma Guetersloh, Trust and the Trustee thereof, Marilyn Guetersloh Phelan, as Trustee, and Harold Phelan and M. F. Guetersloh, jointly and severally, the cash sum of $20,000.00 plus 6% interest per annum upon the $20,000.00 from September 23, 1965, to the date of the judgment, and that said principal and interest bear 6% interest per annum from date of the judgment until fully paid. From that judgment the defendants perfected this appeal.

Appellant Harold Phelan contends the court erred in granting appellee a judgment against him for the reason no issues were requested by appellant that would establish any type of liability against him, and that the court erred in overruling his motion for an instructed verdict that he filed at the close of all his evidence. The rights of appellee, Settle, depend upon the contract transferred to him by Scott. Scott and the Trustees of the Guetersloh Trust entered into a contract whereby Scott was to deposit the sum of $20,000.00 with Harold Phelan, who agreed to, and should, if purchaser alone defaults, pay such sum to the sellers as a part of the purchase price for such land, but otherwise to return the same to purchaser. Scott did not deliver $20,000.00 to Phelan but endorsed and delivered the check for $20,-000.00 that M. F. Guetersloh had given Scott as a down payment on the gin contract between Scott and M. F. Guetersloh. Phelan was not a party to the contract and Scott could not recover other than what he delivered to Phelan unless it be shown Phelan was negligent in not cashing the check. Phelan never cashed the check, and

after this suit was filed, he delivered it to the District Clerk in this case. All that was delivered to Phelan was the M. F. Guetersloh check, and he has tendered that check in the court to have determined who is entitled to it or its proceeds. We hold before appellee would be entitled to recover judgment against Phelan for the sum of $20,000.00 that appellee should plead and prove the check was good when given and that M. F. Guetersloh had funds in the bank to pay the check; and that Phelan was negligent in not reducing the check to cash when he received it and thereby failed to comply with the terms of the escrow that he accepted. There are no pleadings or proof to show Phelan was negligent in not securing cash on the check or should be liable for $20,000.00. In a trial to a jury on special issues, failure to request issues constituting complete grounds of recovery or defense is waiver of such ground. Ormsby et al. v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084; Stappers et al. v. State of Texas, Tex.Civ.App., 410 S.W.2d 470 (n. r. e.); Allan Construction Co. v. Soliz, Tex.Civ.App., 421 S.W.2d 423 (writ dism'd). It is necessary that there be a finding of fact on each and every essential ultimate fact which is controlling in the law suit. Therefore, in the absence of such finding the court erred in rendering judgment in favor of appellee for the $20,000.00 as against Harold Phelan. Judgment of the trial court granting appellee judgment against Harold Phelan is therefore reversed and rendered.

Appellant, the Guetersloh Trust, contends the court erred in granting appellee a money judgment against it for the reason no issues were submitted which would in law create a liability for a money judgment against this appellant and in overruling the Trust motion for an instructed verdict. The original contract and supplement being between the Trustees and Scott, and Scott transferring his interest to Settle, all the right Settle had must be determined by the rights that Scott had. Under the supplemental contract all the right

Scott had as to any damages in case the sale was not consummated because of the fault of the seller was the return of the $20,000.00 that Scott was to deliver to Phelan. The Trust never at any time received the $20,000.00 and neither did it ever receive the check. There is nothing in this record to show that the Trust ever had any right to the $20,000.00 placed in Phelan's possession until Scott (Settle herein) failed to comply with his contract to purchase. Those conditions never arose, according to this record, and consequently the appellee was not entitled to any judgment as against the Trust for the $20,000.00. Judgment of the trial court granting appellee judgment against the Trust is therefore reversed and rendered.

The appellant M. F. Guetersloh contends the court erred in granting appellee a judgment against him for the reason no issues were requested by appellee which would entitle any type of liability against him and he was entitled to an instructed verdict as he requested.

■ Appellant M. F. Guetersloh testified he executed the check here in question as the down payment on the contract with Scott to build for M. F. Guetersloh a gin. Scott constructed the gin as he agreed to do. Consequently, Scott was entitled to the $20,000.00 as represented by said check. Scott then placed the check with Phelan as above shown. Under this record, it is shown that the sale of the land as set out in the contract was never completed. Since the sale was never completed because of the failure of the sellers to comply with the contract, this record clearly shows that Settle as the assignee of Scott was entitled to recover what had been placed with Phelan. Certainly he would have at least been entitled to recover the check. There was no failure of consideration for the issuance of the check. There were no pleadings or issues submitted excusing M. F. Guetersloh for stopping payment of the check. The record clearly shows that M. F. Guetersloh owed the $20,000.00 as represented by the check to Scott, and that Settle was entitled

to whatever Scott was entitled to recover. Judgment of the trial court is affirmed so far as it grants appellee judgment against M. F. Guetersloh.

Judgment of the trial court is affirmed in part and reversed and rendered in part.