William G. KINNEAR, Appellant,

v.

Herd Vrill DIXON et ux., Appellees.

No. 7865.

Court of Civil Appeals of Texas, Beaumont.

Nov. 18, 1976.

Rehearing Denied Dec. 9, 1976.

Ernest L. Sample, Beaumont, for appellant.

Gordon R. Pate, E. B. Lord, Beaumont, for appellees.

KEITH, Justice.

Plaintiff below appeals from a judgment directing that he take nothing by reason of his suit and awarding $1,615 to the defendants. We will speak of the parties as they appeared in the trial court.

Plaintiff brought suit on a sworn account pursuant to Tex.R.Civ.P. 185 seeking to recover attorney's fees for services performed. A cross-action was filed by defendants to recover $915 paid for services plaintiff failed to perform and to recover $700 loaned to plaintiff.

Trial was to a jury and the four special issues submitted were answered adversely to plaintiff. The substance of the findings is set forth in the margin below.*

Plaintiff complains that defendants' sworn denial was fatally defective while

* 1. That plaintiff had performed no services for defendants for which he had not been paid. 2. Conditionally submitted and not answered. 3. That when defendants paid plaintiff $915, they agreed that was to be the total charges for all legal services, patent drawings and filing fees. 4. (a) On August 22, 1974, defendants loaned plaintiff $500. (b) On October 28, 1974, defendants loaned plaintiff $200.

defendants vigorously argue that plaintiff's pleadings are insufficient to constitute a sworn account under Rule 185.

■ In considering the contentions of the parties, we note that the sworn account practice is properly classified as a rule of evidence and is not of itself the basis of any cause of action. 2 McDonald, Texas Civil Practice, § 7.31, p. 239 (Rev.Vol. 1970), commenting upon *Meaders v. Biskamp,* 159 Tex. 79, 316 S.W.2d 75, 78 (1958). See also, *Evans Advertising, Inc. v. Morphew,* 525 S.W.2d 56, 58 (Tex.Civ.App.—Tyler 1975, no writ); *Vahlsing Christina Corp. v. Ryman Well Service, Inc.,* 512 S.W.2d 803, 809 (Tex. Civ.App.—Corpus Christi 1974, no writ). It is likewise well settled that such an account must show with reasonable certainty the nature of each item, the date, and the charge therefor. *Hassler v. Texas Gypsum Company, Inc.,* 525 S.W.2d 53, 55 (Tex.Civ. App.—Dallas 1975, no writ); *Bookstall, Inc. v. John Roberts, Inc.,* 517 S.W.2d 451, 452 (Tex.Civ.App.—Austin 1974, no writ); *Rudi's Automotive Corporation v. Heeth,* 509 S.W.2d 428, 430 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ).

■ In the case at bar, the record conclusively shows that the account sued upon wholly fails to set forth any charge for the services allegedly performed or even that the account is due. The account is also defective in failing to itemize with sufficient particularity the nature of the services performed. Thus, under the cases heretofore cited, plaintiff has failed to establish a prima facie case under Rule 185.

As was said in *Wilson v. Brickstone Products Corporation,* 465 S.W.2d 183, 184 (Tex. Civ.App.—San Antonio 1971, error ref'd n. r. e.):

> "It must be recognized at the outset that since this suit was not filed in the form provided by Rule 185, appellant was not required to file a sworn answer."

See also, *Unit Inc. v. Ten Eyck-Shaw, Inc.,* 524 S.W.2d 330, 333 (Tex.Civ.App.—Dallas 1975, writ ref'd n. r. e.); *Biscamp v. Zeno Carpet Company,* 473 S.W.2d 218, 220 (Tex. Civ.App.—Beaumont 1971, no writ); *Copeland v. Hunt,* 434 S.W.2d 156, 158 (Tex.Civ. App.—Corpus Christi 1968, writ ref'd n. r. e.).

■ Plaintiff's pleadings being insufficient to constitute a sworn account under Rule 185, the burden was on him to prove his claim by a preponderance of the evidence. *Layne Glass Company v. Parker,* 340 S.W.2d 363 (Tex.Civ.App.—Fort Worth 1969, no writ); *Biscamp v. Zeno Carpet Company,* supra.

■ Additional complaint is made by plaintiff that the trial court wrongly refused to submit requested issues as to whether or not plaintiff performed specified legal services for defendants whether the defendants prevented plaintiff's performance by their conduct, etc. Plaintiff asserts that these issues constituted a legal defense and are "controlling" issues in the sense that they were not included within any of the submitted issues. We disagree.

Special Issue No. 1, set out in the margin, supra, broadly submitted the issue of legal services performed, and the jury found that plaintiff had been paid for all such services. As said in *Holmes v. J. C. Penney Company,* 382 S.W.2d 472, 473–474 (Tex.1964):

> "[I]n submitting a case upon special issues, the court should submit only the controlling issues made by the pleadings and the evidence and is not required to submit various phases or shades of the same issue. Rule 279. Repeatedly the attention of the bench and bar has been called to this correct mode of submission."

See also, *Vahlsing Christina Corp. v. Ryman Well Service, Inc.,* supra (512 S.W.2d at 811); *American Pozzolan Corp. v. Desert Trucking Co.,* 450 S.W.2d 433 (Tex.Civ.App. —San Antonio 1970, writ ref'd n. r. e.).

Among plaintiff's points of error is one asserting that the trial "court erred in entering judgment for the defendants on their cross-action because defendants failed to secure any jury finding that plaintiff owed defendants any sum of money, and failed to secure any other kind of jury finding upon which it could be determined that plaintiff owed defendants any sum of money." De-

fendants were awarded a total of $1,615; out of this amount $915 paid for a patent application was ordered refunded to them, and $700 found to have been loaned to plaintiff was ordered returned. We will deal with these awards separately.

In answering Special Issue No. 4, the jury specifically found that an aggregate of $700 had been loaned to plaintiff by the defendants on two distinct occasions. This was a hotly contested issue during the trial and there is sufficient evidence in the record to support the jury's finding. Consequently, this portion of the judgment is affirmed.

As to the remaining $915, however, we are of the opinion that plaintiff's complaint is well grounded. Defendants concede that Special Issue No. 1 is the only issue upon which the recovery of this sum could possibly be based. We find, however, that there is no possible interpretation of this issue which will afford defendants reimbursement of their $915. At most the issue permits only a finding that defendants have paid in full for all services performed. It was a defensive issue in plaintiff's suit; it was not an offensive issue on their cross-action.

Defendants assert, however, that the court's judgment may be upheld by "deeming" findings to support it. We disagree.

As explained by J. B. Dooley in his comment in 20 Texas L.Rev. 32, 42 (1941) (included in the General Commentary following Rule 279):

> "Under the express terms of Rule 279, the authority for a presumed finding on any unsubmitted issue belonging to a given ground of recovery or defense depends upon there having been a submission of some other issue 'necessarily referable' to that same ground of recovery or defense."

Thus, where there is an omission of a controlling issue which is one of a cluster of issues submitted "embodying a theory of recovery or defense, it will be implied that the omitted issue was found in support of the judgment." *Allen v. American Nation-*

*al Insurance Company*, 380 S.W.2d 604, 609 (Tex.1964); *Reliable Life Insurance Company v. Torres*, 509 S.W.2d 409, 411 (Tex.Civ. App.—Austin 1974, writ ref'd n. r. e.). A trial court is not authorized, however, to make findings of fact as to an omitted issue which is an independent ground of recovery and which is not conclusively established by the evidence. *Glens Falls Insurance Co. v. Peters*, 386 S.W.2d 529, 532 (Tex.1965).

Here, no issue inquiring whether defendants were entitled to a refund of the $915 was requested or submitted. Defendants, as cross-plaintiffs, had the burden of securing a favorable finding on this point and, according to the general rule, failure to request an issue on which a party relies results in a waiver of his cause of action. *Phelan v. Settle*, 438 S.W.2d 377, 381 (Tex. Civ.App.—Amarillo 1969, writ ref'd n. r. e.); *Wright v. McKinzie*, 302 S.W.2d 231, 234 (Tex.Civ.App.—San Antonio 1957, no writ).

Accordingly, we reverse that part of the trial court's judgment which ordered returned the $915 paid for a patent application for defendants' portable bathtub. We further note that our holding on this point renders unnecessary any consideration by us of plaintiff's asserted points of error in regard to the Statute of Limitations and the refusal of the trial court to submit requested defensive issues related to this ground of recovery.

In his final point of error, plaintiff urges that the trial court erred in overruling his motion for mistrial "based upon a direct communication from the defendant, H. V. Dixon, to the jury, out of the presence of the court and the plaintiff and plaintiff's counsel." Briefly, the facts are that while a conference was being held in the judge's chambers, defendant Dixon proceeded to demonstrate to the jury and the courtroom at large the use and various features of his portable bathtub invention. Plaintiff's brother, L. P. Kinnear, being under the rule, watched the demonstration through the courtroom windows but was unable to hear the monologue which accom-

panied it. We note that at the outset of the trial below, he had also demonstrated the workings of his bathtub for the court and the jury with the approval of all parties.

That the event complained of occurred is undisputed. Plaintiff, however, takes the position that the granting of a mistrial is mandatory under these circumstances while defendants urge that a showing of probable injury is a prerequisite to the granting of same.

In *Fountain v. Ferguson*, 441 S.W.2d 506, 507 (Tex.1969), our Supreme Court stated the prevailing rule as follows:

"The one complaining about jury misconduct has the burden to prove the overt act of misconduct, *that it was material misconduct, and 'from the record as a whole that injury probably resulted'.* Rule 327, T.R.C.P.; *Crawford v. Detering Co.,* 150 Tex. 140, 237 S.W.2d 615 (1951); *White Cabs v. Moore,* 146 Tex. 101, 203 S.W.2d 200 (1947)." (emphasis added)

Having carefully examined the entire record, we are ineluctably led to the conclusion that the misconduct complained of was not material and that it does not reasonably appear that probable injury resulted to the plaintiff.

Plaintiff has other points of error which we have considered, and finding no merit therein they are accordingly overruled.

The judgment of the trial court is reformed to exclude therefrom the recovery of $915, and as so reformed, is affirmed. Costs on appeal are taxed one-half to plaintiff and one-half to defendants.