**CAPITAL TITLE COMPANY, Appellant,**

v.

**Randolph MAHONE, Appellee.**

**No. 17869.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 21, 1981.

DeLange, Hudspeth, Pitman & Katz, Paul J. McConnell, III, Houston, for appellant.

Reiff & Burgess, William C. Reiff, Houston, for appellee.

Before WARREN, EVANS and DOYLE, JJ.

On Motion for Rehearing

WARREN, Justice.

The opinion filed on March 12, 1981, is withdrawn and the following substituted in its place.

The main question for our determination concerns a claimant's burden of proof when seeking to recover damages from an escrow agent because of its negligence in failing to convert an earnest money check to cash.

In 1972, William Straughan and William Upchurch (Buyers) entered into an earnest money contract with Rancho Bauer Corporation (Sellers) for the purchase of certain lots in Harris County. Under the terms of the contract, Buyers agreed to pay appellee a 5% commission. The contract contained a provision reciting that Buyers had placed the sum of $30,500 in escrow with Capital Title Company and,

> should purchaser fail or refuse to consumate this contract in accordance with the terms hereof, within the time specified herein, for any reason except title defects as would show title in seller not to be good, then the earnest money herein receipted for shall be forfeited to seller as liquidated damages, and seller shall pay to the undersigned agent one-half thereof
> . . .

The earnest money check was never cashed and the sale was never consumated. The testimony as to why the check was never sent to the bank is equivocal. Appellant's vice president who was charged with the duty of handling this transaction, testified that Buyers asked him not to cash it so their money would not be tied up. He also testified that out of curiosity he called the bank and learned that the check would not clear because there were insufficient funds in the account and that he had told the secretary of Rancho Bauer that he was holding the check and felt sure that all parties to the transaction knew that he was holding the check. Appellee testified that he wasn't informed that the check was being held and was later told by appellant's vice president that the check wasn't important because the Buyers had a letter of

credit which would guarantee the amount which should have been placed in escrow.

After the contract had expired by its terms, Rancho Bauer sued appellant for the $30,500. Appellee intervened seeking the one-half of the earnest money due to him under the contract. Before trial, Rancho Bauer and appellant settled their differences, and that part of the suit was dismissed.

In his suit against appellant, appellee alleged that appellant breached its fiduciary duty in failing to cash the check and in failing to notify appellee that the check had not been cashed.

The jury found that appellant was negligent: (1) in failing to notify the parties that it had only an unnegotiated check, (2) in failing to notify the parties of the Buyers' instructions not to cash the check, and (3) in agreeing to hold and not cash the earnest money check without the consent of Seller or appellee. On the basis of these findings and others not pertinent at this point, the court entered judgment in favor of appellee for one-half of the sum of earnest money which should have been deposited.

Appellant brings forty-three points of error, only four of which will be discussed herein.

Appellant complains that the court erred in submitting special issues numbers two, three and four because each assumed the existence of facts which were in issue. We sustain these points of error.

The issues complained of are as follows:

Special Issue No. 2

"Do you find from a preponderance of the evidence that Capital Title Company was negligent in failing to notify sellers and Randolph Mahone that it had only an unnegotiated check instead of actual money in the escrow account?"

"Do you find from a preponderance of the evidence that Capital Title Company was negligent in failing to notify all parties of purchasers' instruction not to cash the check given as earnest money?"

Special Issue No. 4

"Do you find from a preponderance of the evidence that Capital Title was negligent in agreeing to hold and not to cash the earnest money check without the consent of the seller and Randolph Mahone?"

As worded, each of the above issues assumes that appellant did or failed to do the acts of which appellee was complaining; however, these acts were in dispute.

■ It is error to submit to the jury a special issue which assumes the existence of disputed material facts. *Otto Vehle & Reserve Law Officers Ass'n. v. Brenner*, 590 S.W.2d 147 (Tex.Civ.App.—San Antonio 1979, no writ); *Lone Star Ice Co. v. Everett*, 77 S.W.2d 256 (Tex.Civ.App.—San Antonio 1934, no writ); *San Antonio Public Service Co. v. Smith*, 57 S.W.2d 179 (Tex. Civ.App.—Waco 1933, writ dis'm).

Appellant preserved these errors by making specific objections to the submission of these issues, stating that the issues erroneously assumed disputed facts.

Appellant also urges that appellee was not entitled to judgment because he failed to prove that the check was good when given, or thereafter. This point is sustained. Appellant urged this point in two motions for instructed verdict and in his motion for judgment non obstante veredicto.

In the case of *Phelan v. Settle*, 438 S.W.2d 377 (Tex.Civ.App.—Amarillo 1969, writ ref'd n. r. e.), Settle, who was entitled to recover earnest money after a contract for the sale of land was not consummated, sued Phelan, the person named as escrow agent, for failing to timely cash the escrow check. Phelan held the check and when a dispute arose deposited it with the district clerk. One Guetersloh, the maker, stopped payment on the check so no funds were available to Settle, who was entitled to the fund. No issues were requested as to the negligence of Phelan, the escrow agent, nor as to whether the check was good. The court held that it was the burden of Settle, if he was to prevail against Phelan, to prove that Phelan was negligent in not reducing

the check to cash, and that the check was good when given.

We hold that before damages can be recovered in such a case, the plaintiff must plead and prove that the escrow agent was negligent and that this negligence was a proximate cause of plaintiff's damages. In order to show that the negligence was a proximate cause of the damages, it is incumbent upon the claimant to show that the check or some part thereof would have been collectible except for the breach of duty by the escrow agent.

This cause of action is similar to those brought against a lawyer for malpractice. In those cases Texas courts have held that it is the client's burden to prove: (1) that the attorney was negligent; (2) that except for the negligence, the client would have been entitled to a judgment, and (3) what amount of the judgment would have been collectible. *Gibson v. Johnson*, 414 S.W.2d 235 (Tex.Civ.App.—Tyler 1967, writ ref'd n. r. e.); *Jackson v. Urban, Coolidge and Pennington*, 516 S.W.2d 948 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n. r. e.).

Since appellee failed to plead or prove that such amount represented by the check or any amount thereof was collectible, a directed verdict would have been proper.

Reversed and rendered.