Herschel F. TOMLINSON, Sr., Appellant,

v.

Sally O. JONES, et al., Appellee.

No. 13–82–157–CV.

Court of Appeals of Texas,
Corpus Christi.

Sept. 23, 1983.

Rehearing Denied Nov. 3, 1983.

William J. Tinning, Law Offices of B. Mills Latham, P.C., Corpus Christi, for appellant.

Ted Roberts, Meredith & Donnell, Corpus Christi, for appellee.

Before BISSETT, UTTER and GONZALEZ, JJ.

## OPINION

UTTER, Justice.

Appellant, Herschel Tomlinson, Sr., brought suit against appellee, Sally O. Jones, to recover the value of life insurance proceeds which he alleges were wrongfully paid to appellee after the death of Herschel Tomlinson, Jr., the deceased. The deceased was the son of appellant and the husband of appellee, who has since remarried. The jury found that the deceased lacked sufficient mental capacity to effectively change the beneficiary of his life insurance, but the trial judge granted appellee's motion for judgment notwithstanding the verdict. Appellant contends on appeal that the action of the trial judge in granting the judgment notwithstanding the verdict was error because there was evidence to support the jury finding on the issue of lack of capacity on the part of the deceased. Appellant also contends that the issues submitted to the jury showed as a matter of law that appellees failed to substantially comply with the insurance policy provisions for changing a beneficiary, and that there was evidence to support such jury findings. We affirm the judgment of the trial court.

The decedent was severely burned in an automobile accident on or about December 15, 1974, after which he was hospitalized until his death on January 25, 1975. On January 18, 1975, the decedent allegedly executed a Special Power of Attorney document which enabled appellee to designate herself as the beneficiary of his life insurance policies. The previous beneficiary had been appellant. It is undisputed (1) that the two life insurance policies were provided by the Producers Grain Retirement Trust in conjunction with the decedent's employment and (2) that the "owner" of the policies was the "Trustee of Producers Retirement Plan Trust."

Appellant pleaded, inter alia, that the purported change of beneficiary was invalid and ineffective; that the proceeds of the life insurance policies were "illegally and wrongfully" paid to appellee; that he was entitled to the proceeds; and that he would show that the decedent was mentally incompetent when the "purported power of attorney was obtained." The trial judge submitted a special issue asking the jury whether it found from a preponderance of

the evidence that the decedent "had sufficient mental capacity at the time to effectuate the change of beneficiary forms and power of attorney"; the jury answered that he did not. Appellee's motion for judgment notwithstanding the verdict was granted by the trial court, which stated in the judgment:

> "It appearing to the Court that there is no evidence of probative force to sustain the findings of the jury, and that the findings of the jury are immaterial to any alleged cause of action against the defendant, judgment notwithstanding the verdict shall be rendered in favor of defendant and against the plaintiff."

■ The bare jury finding that the decedent lacked capacity does not establish appellant's case. In the "Guide to Policy Provisions" accompanying each of the policies, the paragraph entitled "Beneficiary" begins as follows:

> "While the Insured is living, the Owner may designate or change any revocable beneficiary at any time . . . ."

Only the Trustees, as owners, could change the beneficiary designation, and the determination of the decedent's capacity did not establish whether the beneficiary was properly changed.

There is language in the Trust Agreement, however, which indicates that each insured was permitted to designate his own beneficiary. This supposition is supported by the facts of this case; once appellee obtained the Special Power of Attorney in order to change the beneficiary of the policies, the Trustees immediately acceded. It was they alone, however, who could effect the change by notifying the insurer.

■ The plain and undisputed language in the "Guide to Policy Provisions" indicates that the Trustees could properly have changed the beneficiary on their own initiative; thus, appellant must have shown that they were wrongfully induced to do so. Appellant did not challenge the jury issues submitted. Appellant made no objection to the court's charge. The problem is that the answers to those issues simply do not reach the point of whether the change of beneficiary was wrongfully effected.

■ The issue of capacity was neither ultimate nor controlling, and could therefore properly be disregarded by the trial court as being immaterial. *Perales v. Braslau's Furniture Company,* 493 S.W.2d 638 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.). Appellant had the burden to request issues constituting complete grounds of recovery; by failing to request an issue or issues which he might recover, he has waived his cause of action. *Kinnear v. Dixon,* 543 S.W.2d 903 (Tex.Civ.App.—Beaumont 1976, writ ref'd n.r.e.); *Phelan v. Settle,* 438 S.W.2d 377 (Tex.Civ.App.—Amarillo 1969, writ ref'd n.r.e.). And the trial court may not make findings of fact on omitted issues which constitute independent grounds of recovery and which are not conclusively established by evidence. *Glens Falls Insurance Co. v. Peters,* 386 S.W.2d 529 (Tex.1965); *Kinnear,* supra. We do not find that the evidence adduced at trial established as a matter of law that the Trustee-Owners of the insurance policies wrongfully changed the decedent's beneficiary, or that they were wrongfully induced to do so; in fact, our review of the record reveals that appellee denied discussing the change with the Trustees, and that it was the impression of the Secretary of the Trustees, who had personally visited the decedent in the hospital, that it was the decedent's desire to change his life insurance beneficiary. Appellant's first point of error is overruled.

In his second point of error, appellant contends that the change of beneficiary was ineffective because it failed to substantially comply with the policy provisions. "The test for determining whether the requirements of a life insurance policy to change the beneficiary have been met is not strict compliance but 'substantial compliance'." *Garabrant v. Burns,* 130 Tex. 518, 111 S.W.2d 1100 (Comm'n.App.1938); *Pena v. Salinas,* 536 S.W.2d 671 (Tex.Civ.App.—Corpus Christi 1976, no writ). The "Guide to Policy Provisions" provided by the insurer states that:

"While the Insured is living, the Owner may designate or change any revocable beneficiary at any time . . . . Any designation or change of an owner or beneficiary will not be binding upon the Company unless it is made in writing and filed at the home office signed by the Owner and any irrevocable beneficiary. Such designation or change will take effect as of the date it was signed . . . ."

Appellant argues that there was no substantial compliance with the provisions quoted above because (a) the change of beneficiary form was signed only by the secretary of the trustees, rather than by a Trustee-Owner; (b) the form was not received at the insurer's home office until four days after the decedent's death; and (c) the change-of-beneficiary was not binding on the insurer because it was not filed at the home office while the decedent was alive.

█ The Trust Agreement provided that the "Trustees shall appoint a secretary who . . . may be authorized by the Trustees to execute and deliver in behalf of the Trustees . . . any instrument required or deemed necessary under this Agreement." The record reflects that Mr. John Bishop had been appointed secretary and that he was acting in that capacity when he signed the decedent's change-of-beneficiary form. Appellant's first argument is overruled.

█ The jury found that the change-of-beneficiary forms were sent to the insurer before the decedent died, but were not received until after his death. We do not find that the previously-quoted portion of the policy provisions required the ministerial function by the insurer of receiving and filing the notice of change-of-beneficiary *while the decedent was alive* in order to properly change the beneficiary. Rather, the terms of the policy merely stated that the designation would not be *binding* until the ministerial function was completed. The insured was alive when the Owner changed the beneficiary, and, in light of the jury findings, we hold that this was sufficient to comply with the policy provisions; the change took effect as of the date it was signed. See *McNabb v. Kentucky Central Life Insurance Company* 631 S.W.2d 253 (Tex.App.—Ft. Worth 1982, no writ). Appellant's second and third arguments are also overruled.

█ Finally, appellee presents two cross-points of error in which she contends that the jury's finding of the decedent's lack of capacity was supported by insufficient evidence, or, in the alternative, was against the great weight and preponderance of the evidence. In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well established test set forth in *Glover v. Texas General Indemnity Company,* 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); *Allied Finance Company v. Garza,* 626 S.W. 120 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error,* 38 Tex.L.Rev. 359 (1961). We find the evidence sufficient to support the jury's finding, and we overrule appellee's cross-points of error.

Appellant's points of error are overruled and the judgment of the trial court is AFFIRMED.